United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAIME CARLOS RANGEL PACHO, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-825 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Jaime Carlos Rangel Pacho, filed a petition for a writ of habeas corpus on February 3, 2026. (Docket Entry No. 1). The respondents moved for summary judgment, (Docket Entry No. 6), and Rangel Pacho responded, (Docket Entry No. 7). In their reply to Rangel Pacho's response, the respondents noted that Rangel Pacho was ordered removed on February 13, 2026. (Docket Entry No. 8). The respondents argued that because Rangel Pacho is no longer detained under 8 U.S.C. § 1225 but is now instead detained under 8 U.S.C. § 1231(a)(6), his detention is presumptively lawful because it is within the 90-day post-removal detention period mandated by § 1231. (*Id.*). Rangel Pancho filed a second sur-reply, arguing that his petition is not moot because his removal order is on appeal to the BIA, so it is not final. (Docket Entry No. 11). He argued that it is "dispositive" that his removal order is on appeal and not final.[1] (*Id.* at 2).

---

[1] Rangel Pacho's habeas petition did not assert any constitutional claims related to his underlying removal order; rather, he challenged only his ongoing detention. (Docket Entry No. 1). In his response to the motion for summary judgment, he asserted—for the first time—that his underlying removal proceedings were conducted in a manner that violated his procedural due process rights. (*See, e.g.*, Docket Entry No. 7 at 1). In his first sur-reply, however, he clarified that he seeks only to challenge "lawfulness or his continued detention," not the underlying removal order. (Docket Entry No. 9 at 2). Because a constitutional challenge to the underlying removal order was not raised in the habeas petition, and because Rangel Pancho expressly disclaimed that he is trying to bring any such claim, the court does not consider any due process challenge to the underlying removal proceedings at this time.

The court has reviewed the status of Rangel Pacho's appeal and notes that on April 9, 2026, the BIA dismissed the appeal.   *See* Rangel Pacho, EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/.[2]   Because Rangel Pacho's removal order is now final,[3] he is subject to detention under § 1231, not § 1225.   Under § 1231(a)(6), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period."   *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted).   Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a)(6) only becomes presumptively unreasonable after approximately six months.   After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."   *Id.*

Because Rangel Pacho's detention is now governed by § 1231; because he is still within the 90-day removal period set by § 1231(a)(1)(B); and because he is within the six-month period for post-removal detention that the Supreme Court considers presumptively reasonable, the court must dismiss Rangel Pacho's habeas petition, without prejudice.   *See Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026); *Vargas Chacon*, No. 26-cv-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026); *cf. Ibrahimi*

---

[2] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by his A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited May 1, 2026).

[3] His removal order became administratively final once the BIA dismissed his appeal.   *See Ibrahimi v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915768, at *1 (W.D. Tex. Mar. 27, 2026).

*v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915768, at *2 (W.D. Tex. Mar. 27, 2026).  Any challenge based on *Zadvydas* is premature at this time.

The court dismisses the petition, without prejudice.  The court grants the motion for summary judgment, (Docket Entry No. 6), insofar as the court agrees that Rangel Pacho is not entitled to the habeas relief he seeks at this time.  The court will enter a separate order dismissing this case.

SIGNED on May 4, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge